IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00409-MEH

TERRELL FREDERICK, individually and on behalf of LF, his minor child,

    Plaintiff,

v.

COFFEE HOUSE HOLDINGS, INC.,

    Defendant.

---

## SUPPLEMENTAL ORDER ON MOTION TO DISMISS

---

**Michael E. Hegarty, United States Magistrate Judge**.

On July 15, 2017, Plaintiff Terrell Frederick filed his surreply to Defendant Coffee House Holding's Motion to Dismiss, ECF No. 32. In its Order on Defendant's Motion to Dismiss, ECF No. 27, the Court reserved judgment on whether this case is moot and permitted Plaintiff to file the present surreply to address the issue. The Court holds that Plaintiff's claim is not moot, because Defendant's cessation of the allegedly discriminatory conduct may recur.

## BACKGROUND

On February 15, 2017, Plaintiff initiated this action against Defendant, a wholly owned subsidiary of Starbucks Corporation. Compl., ECF No. 1. Plaintiff alleges that his minor child requires the use of a mobility service animal because of the child's disability. Compl. ¶ 7. Plaintiff further asserts that he and his child were "prevented from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" of Defendant's place of public accommodation because of Defendant's (1) failure to provide a ground surface that was stable, firm, and slip resistant; and (2) failure to provide doors with no greater than five pounds maximum

opening force. Compl. ¶¶ 37–38. As such, Plaintiff claims that Defendant violated Title III of the Americans with Disabilities Act ("ADA") and seeks declaratory and injunctive relief to remedy the alleged statutory violations. Compl. at 11–12.

Defendant responded to the Complaint by filing a Motion to Dismiss on April 7, 2017. ECF No. 20. Defendant primarily argued that Plaintiff failed to exhaust his claims. *Id.* Defendant also attached an expert affidavit to its motion, which certified that Defendant's establishment now complies with the ADA. *See* ECF No. 20-1. In its reply brief, Defendant contended that the affidavit moots Plaintiff's claims. Reply in Support of Mot. to Dismiss, ECF No. 26. The Court denied the motion to the extent it sought dismissal based on exhaustion, but reserved judgment as to whether this case is moot. Order on Mot. to Dismiss 13. The Court permitted Plaintiff to conduct limited discovery and then file a surreply to Defendant's motion. *Id.* In his surreply, Plaintiff contends the case is not moot, because the asserted ADA violations are likely to recur. Surreply 5, ECF No. 32.

## **ANALYSIS**

The issue before the Court is whether Plaintiff's claim is moot in light of Defendant's contention that its establishment now complies with the ADA. As the Court explained in its Order on Defendant's Motion to Dismiss, Plaintiff seeks injunctive relief; specifically, an order requiring that Defendant correct the architectural barriers delineated in the Complaint. Compl. 11–12. "A claim for injunctive relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). As such, under certain circumstances, a defendant's cessation of allegedly

2

wrongful conduct may moot a plaintiff's claim. *See, e.g.*, *id.* at 1037.

However, "[i]t is well settled that voluntary cessation of illegal conduct by itself does not make the case moot." *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1229 (10th Cir. 1997). Rather, voluntary cessation will moot a plaintiff's request for injunctive relief only if it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 190 (2000). The defendant bears the formidable burden of demonstrating that this standard is met. *Id.*

In this context, to meet its burden of demonstrating the allegedly discriminatory conduct is not reasonably expected to recur, a defendant must show that the changes it made to its establishment are permanent in nature. *See Chambers v. Melmed*, 141 F. App'x 718, 720 (10th Cir. 2005) (holding that an ADA claim was moot, because the changes to correct the allegedly unlawful conduct were "permanent in nature 'and foreclose a reasonable chance of recurrence of the challenged conduct'" (quoting *Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004))); *see also Moeller v. Taco Bell Corp.*, No. C02-05849 MJJ, 2007 WL 2301778, at *8 (N.D. Cal. Aug. 8, 2007) (holding that ADA claims were not moot, because the defendant claimed that "many of the elements in its restaurants change frequently due to regular maintenance, remodels, repairs, and normal wear and tear"). Indeed, if a defendant's minor temporary changes to its establishment rendered an ADA claim moot, this would permit the defendant to "engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where [it] left off, repeating this cycle until [it] achieves all [its] unlawful ends." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

The Court holds that Defendant has not met this burden for either of the ADA violations Plaintiff alleges. First, Defendant does not demonstrate that the changes it made to its doors are

3

permanent in nature and foreclose a reasonable chance of recurrence. The consultant report, which is the only evidence Defendant provides in support of its mootness argument, does not state what the consultant did to ensure the doors comply with the ADA or whether any changes are likely to recur. *See* ECF No. 20-1.

Moreover, Defendant's responses to Plaintiff's interrogatories, which Plaintiff provided to the Court, also do not conclusively establish that Plaintiff's claim is moot. Defendant asserts the consultant adjusted the settings on the door and later returned to ensure that the doors remained ADA compliant. Resp. to Interrogs. 4, ECF No. 32-1. Further, the consultant "confirmed that now that the door closers have been properly adjusted, there is no reason to believe they will become non-compliant in the future." *Id.* at 6. Other than the consultant's conclusory assertion that the doors will not need to be readjusted, this provides no support for the permanency of Defendant's changes. The consultant does not explain how the door closer operates or why the changes made the opening force of the door permanent. Absent evidence to the contrary, it is reasonable to assume that the regular opening and closing of a door could eventually affect the force required to open it. Accordingly, Defendant has not demonstrated that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. at 190.

Defendant also fails to meet its burden of showing it made changes to its interior floors, such that they are permanently in compliance with the ADA. Defendant's consultant states only that he inspected the interior floor surface and determined it complies with the ADA. ECF No. 20-1, at 2. The report does not discuss any changes Defendant or the consultant made. Furthermore, Defendant's responses to Plaintiff's interrogatories state that "there was no reason to believe the floor was non-compliant in the past or that it would become non-compliant in the future." Resp. to

4

Interrogs. 7. Defendant's contention that its floor has always complied with the ADA does not challenge this Court's jurisdiction; rather, it demonstrates a dispute on the merits of Plaintiff's claim. Defendant believes its floor complies with the ADA, while Plaintiff disagrees. If Defendant wishes to challenge the allegations Plaintiff makes in the Complaint, it may do so in a properly filed motion for summary judgment. Because Defendant does not contend it made any permanent changes to its floors such that they now comply with the ADA, Plaintiff's claim is not moot.

## **CONCLUSION**

In sum, the Court holds that Plaintiff's claim is not moot, because any changes Defendant made to its establishment are not permanent in nature. Accordingly, the Court **denies** Defendant's Motion to Dismiss [filed April 7, 2017; ECF No. 20].

Entered and dated at Denver, Colorado, this 8th day of August, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge